UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANDEEP MANDEEP (A# 249-393-144),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-08844 TLN SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner, a citizen and national of India, entered the United States without inspection on or around September 15, 2026. ECF No. 1 at 5, ¶ 21. Immigration officials apprehended Petitioner thereafter and released him into the United States after several weeks of detention. Id., ¶ 22. The record does not specify the manner of release (e.g., humanitarian parole under 8 U.S.C. § 1182(d)(5), etc.). Immigrations and Customs Enforcement ("ICE") re-detained Petitioner on October 25, 2026, after he reported to its Fresno Office pursuant to Intensive Supervision Appearance Program ("ISAP") reporting requirements. ECF No. 6-2 at 2 (Form I-213). Petitioner has no criminal record in the United States or India. ECF No. 1 at 5, ¶ 25. He is

detained at the Golden State Annex Detention Facility within this judicial district. Id. at 1, ¶ 1.

Petitioner, through counsel, filed a § 2241 petition on October 27, 2026, challenging his re-arrest without a pre-deprivation hearing under the Due Process Clause of the Fifth Amendment. ECF No. at 6-7, ¶¶ 35-40. Petitioner seeks immediate release and an injunction "permanently enjoining his re-detention during the pendency of his removal proceedings absent written notice and a hearing prior to re-detention where Respondents must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community and that no alternatives to detention would mitigate those risks." Id. at 7.

The undersigned ordered Respondents to show cause why the writ should not be granted and to "specifically address whether Petitioner received this pre-deprivation hearing prior to his re-detention." ECF No 5. The order advised that "[i]f no pre-deprivation hearing was conducted and Respondent continues to detain petitioner, the undersigned will issue Findings and Recommendations recommending that Respondent immediately release petitioner." ECF No. 5.

In their answer, Respondents argue that Petitioner was not entitled to a pre-deprivation hearing regardless of whether he is detained under 8 U.S.C. §§ 1225(b) or 1226(a). They maintain that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) and that "a pre-deprivation hearing to determine whether Petitioner is a danger or a flight risk would serve no purpose." ECF No. 6 at 1. In the event the Court determines he is instead detained under § 1226(a), Respondents argue that the requirement of a pre-deprivation hearing "cannot be reconciled" with Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022), and "would render section 1226's procedures a nullity." Id. at 2.

## II. Legal Standards

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Similarly, Ninth Circuit precedent holds that the Due Process Clause applies to noncitizens regardless of whether they are "seeking admission" or are "admitted" under immigration law. Wong v. United States, 373 F.3d 952, 973 (9th Cir. 2004), abrogated on other grounds by Wilkie v. Robbins, 551 U.S.

537 (2007); see also Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023) (finding that the plaintiffs who were detained under § 1225(b)(1) adequately alleged a right under "substantive due process to bond hearings" because "the Supreme Court has consistently held that non-punitive detention violates the Constitution unless it is strictly limited, and, typically, accompanied by a prompt individualized hearing before a neutral decisionmaker to ensure that the imprisonment serves the government's legitimate goals"); Rosales-Garcia v. Holland, 322 F.3d 386, 412 (6th Cir. 2003) (en banc) ("If excludable [non-citizens] were not protected by even the substantive component of constitutional due process, . . . we do not see why the United States government could not torture or summarily execute them. . . . [W]e conclude that government treatment of excludable [noncitizens] must implicate the Due Process Clause of the Fifth Amendment.").

Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976), applies. See Rodriguez Diaz, 53 F.4th at 1206-07. Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

## III. Analysis

The assigned District Judge has held that in order for the government to re-detain a

noncitizen who has been previously released on an order of recognizance under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the Due Process Clause requires it provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. See Kaur v. United States Dep't of Homeland Sec., 813 F. Supp. 3d 1167, 1176–77 (E.D. Cal. 2025) (re-detention of noncitizen previously released on order of recognizance under § 1226(a) violated due process where respondent did not provide a pre-deprivation hearing before a neutral decisionmaker); Juan Carlos V.B. v. Chestnut, No. 1:26-CV-03077-TLN-SCR, 2026 WL 1224238, at *3 (E.D. Cal. May 5, 2026) (holding same for § 1225(b) detainee whom immigration officials previously released on humanitarian parole). It is undisputed that ICE re-detained Petitioner in October 2026 without pre-deprivation hearing, and the undersigned accordingly recommends that the petition be granted.

The undersigned need not address the statutory authority for Petitioner's current detention because the due process analysis and remedy is the same regardless. But were the Court to find Petitioner subject to § 1226(a), the undersigned notes that district courts within this Circuit have soundly rejected Respondents' reading of Rodriguez Diaz as foreclosing a pre-deprivation, due process remedy for noncitizens like Petitioner whom ICE re-arrested after a prior discretionary release. "[T]the Ninth Circuit did not hold in Rodriguez Diaz that noncitizens facing removal under section 1226(a) have no due process right to a pre-detention hearing. It held only that a noncitizen detained under section 1226(a) does not have a right to a *second* bond hearing when the only changed material condition since their first bond hearing is the duration of their detention." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (emphasis in original); see also Gagik T. v. Chestnut, No. 1:26-CV-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026) ("Rodriguez Diaz addressed the adequacy of the burden allocation at a bond hearing for a person *already in custody*; it did not consider whether the Government may seize a person after years of government-sanctioned liberty without affording any prior process.") (citing Rodriguez Diaz, 53 F.4th at 1196-97) (emphasis in original).

In tailoring the remedy for this due process violation, the undersigned observes that the Supreme Court "usually has held that the Constitution requires some kind of a hearing before the

State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (emphasis in original). The assigned District Judge has identified post-deprivation remedies as a "special case" and appropriate only with the presence of certain circumstances (e.g., final order of removal, criminal history, or individualized changed circumstances to justify re-detention). Charan S. v. Warden of the California City Det. Facility, No. 1:26-CV-03017-TLN-JDP, 2026 WL 1144158, at *5 (E.D. Cal. Apr. 28, 2026) (citing Zinermon, 494 U.S. at 129). Because Petitioner has no criminal history and Respondents do not identify any exigent circumstances warranting re-arrested without pre-deprivation notice and hearing, the undersigned finds that release on the previous conditions of supervision are the appropriate remedy.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) BE GRANTED.

2. Respondents be ordered to IMMEDIATELY RELEASE Petitioner MANDEEP MANDEEP (A# 249-393-144) from custody on the same conditions in place prior to his October 25, 2026, arrest.

3. At the time of release, Respondents be ordered to return all of Petitioner's documents and possessions and provide a copy of this Order.

4. Respondents be ordered to file a notice certifying compliance with this provision within two (2) court days from the date of any final order adopting these findings and recommendations.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. The final order in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk be directed to:

a. Serve the Golden States Annex with a copy of any release order; and

b. Enter judgment in Petitioner's favor and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 2, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE